UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **RUTHIE N. JENKINS** | **CIVIL ACTION NO. 12-0880** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **WAL-MART STORES, INC. ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

**RULING**

Pending before the Court is Plaintiff Ruthie N. Jenkins' ("Jenkins") Appeal [Doc. No. 15] of the Magistrate Judge's Memorandum Ruling [Doc. No. 13] denying Jenkins' Motion to Remand. [Doc. No. 7]. For the following reasons, Jenkins' Appeal is DENIED, and the Magistrate Judge's Memorandum Ruling is AFFIRMED.

**I.     BACKGROUND AND PROCEDURAL HISTORY**

On November 18, 2011, Jenkins filed this lawsuit against Defendants Wal-Mart, LLC, and Wal-Mart Stores, Inc. (collectively, "Wal-Mart") in the Fourth Judicial District Court, Morehouse Parish, Louisiana. [Doc. No. 1-2]. Jenkins alleged that she sustained injuries from a fall after she slipped on a grape in the Wal-Mart store in Bastrop, Louisiana, on or about January 23, 2011. [*Id*. at ¶¶ 3-5].

On April 13, 2012, Wal-Mart removed the lawsuit to this Court, pursuant to 28 U.S.C. § 1332, stating that complete diversity of citizenship existed between the parties and the amount in controversy exceeded $75,000. [Doc. No. 1]. On May 3, 2012, Jenkins filed a motion to remand on the basis that Wal-Mart's removal was untimely. [Doc. No. 7]. On June 14, 2012, the Magistrate Judge denied Jenkins' motion to remand [Doc. No. 13], finding that the Court had jurisdiction over the lawsuit because Jenkins acknowledged in her pleadings that the amount in controversy exceeded the jurisdictional minimum. On June 27, 2012, Jenkins filed her Appeal [Doc. No. 15], and Wal-

Mart filed its Opposition [Doc. No. 17] on July 18, 2012.

## II.     STANDARD OF REVIEW

Motions to remand are non-dispositive pre-trial matters.[1]  Under 28 U.S.C. § 636(b)(1)(A) and FED. R. CIV. P. 72(a), the Court reviews a magistrate judge's rulings on non-dispositive matters only to determine whether they are clearly erroneous or contrary to law.

## III.    ANALYSIS

Jenkins appeals the Magistrate Judge's ruling denying her Motion to Remand, arguing that Wal-Mart had access to information establishing the necessary amount in controversy for federal jurisdiction on February 1, 2012.  Thus, Jenkins asserts that Wal-Mart's April 13, 2012 removal was untimely and that the Magistrate Judge's ruling was clearly erroneous or contrary to law.

Federal subject matter jurisdiction exists on the basis of diversity as there is complete diversity among the parties[2] and both parties agree that the amount in controversy exceeds $75,000.  The only issue on appeal is whether Wal-Mart's removal was timely under 28 U.S.C. § 1446, which provides defendants with thirty days to elect to remove a proceeding from the time they are aware that a federal court could exercise subject matter jurisdiction.

"Plaintiffs in Louisiana state courts, by law, may not specify the numerical value of the damage claim.  La. Code Civ. P. art. 893.  In such a situation, the removing defendant must prove

---

[1] The Court is aware that other courts have held that motions to remand are dispositive motions and review a magistrate judge's rulings on them *de novo*.  However, the Fifth Circuit has not addressed what standard of review should be applied to a district court's review of a magistrate judge's ruling on a motion to remand, and this Court has adhered to the view that a motion to remand is a non-dispositive pre-trial matter and applies the clearly erroneous/contrary to law standard of review.  *Daffern v. State Auto Prop. & Cas. Ins. Co.*, 2011 U.S. Dist. LEXIS 30590 at *2 (W.D. La. March 18, 2011).  However, the Court would reach the same conclusions in this case under a *de novo* review.

[2] Jenkins is domiciled in Louisiana.  Wal-Mart, LLC and Wal-Mart Stores, Inc. are Delaware business entities that have their principal places of business in Arkansas.

by a preponderance of the evidence that the amount in controversy exceeds $ 75,000." *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (citation omitted).  In this case, it is clear that the jurisdictional amount is met.

However, a defendant must also prove the timeliness of his removal.  If the defendant attempts to remove the case later in the proceeding based on "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable,"[3] the defendant must demonstrate that the "other paper" presents facts "from which it would be *unequivocally clear and certain* . . . that the amount in controversy requirement was met and the case was removable under federal diversity jurisdiction." *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211-12 (5th Cir. 2002) (emphasis added).

Jenkins argues that Wal-Mart could have determined that the amount in controversy exceeded $75,000 on February 1, 2012, the date it received Jenkins' Answers to Interrogatories, which included a "a simple and short statement" of her injuries and her medical records.  [Doc. No. 15-1, pg. 10].  Accordingly, Jenkins asserts that Wal-Mart's time to remove the action expired thirty days after February 1, 2012, and that Wal-Mart's April 13, 2012 Notice of Removal was untimely.

Wal-Mart's description of how it determined the amount in controversy during discovery is more nuanced.  First, on February 1, 2012, Wal-Mart received Jenkins' responses to its interrogatories and requests for production, which listed only $6,813.72 in medical bills arising from the accident.  Second, on March 21, 2012, Wal-Mart received medical bills directly from Jenkins' health care provider, which indicated that total medical costs were approximately $40,000.  Finally, on March 28 and 29, 2012, Wal-Mart deposed Jenkins and her daughter and learned that Jenkins's injuries had caused her to suffer continued pain and affected her ability to work.  Wal-Mart contends that it was only after the medical costs were received and the depositions were conducted

---

[3] 28 U.S.C. § 1446(b).

that it had unequivocally clear and certain evidence that Jenkins' actual damages would support a claim in excess of $75,000. [Doc. No. 17, pgs. 4-10]. Thus, Wal-Mart argues that, at the earliest, the thirty-day period for removal began to run on March 21, 2012, or at the latest, on March 30, 2012. In either case, Wal-Mart stresses that it timely filed its Notice of Removal on April 13, 2012. [*Id*. at 24].

The Magistrate Judge concluded that Wal-Mart did not demonstrate that it had unequivocally clear and certain evidence that the amount in controversy exceeded $75,000 based on the March 21, 2012 discovery disclosures. [Doc. No. 13, pg. 7]. *See Cole v. Knowledge Learning Corp*., 416 Fed. App'x. 437, 440 (5th Cir. 2011) (unpubl.) (noting that the necessity of independent research and consultation with quantum books indicates that discovery responses do not meet the unequivocally clear and certain standard required for removal). Accordingly, the Magistrate Judge found that Wal-Mart's removal was premature because the billing records it relied on "established merely by a preponderance of the evidence that the amount in controversy exceeded $75,000." [Doc. No. 13, pg. 7].

The Court notes that the Magistrate Judge's ruling does not address whether Wal-Mart was correct in concluding that the March 28 and 29 depositions established that the amount in controversy exceeded $75,000 under the unequivocally clear and certain standard. The ruling's failure to address the depositions does not constitute error, however, because Wal-Mart's references to the depositions only refer to the dates the testimony was taken and not to the date when the depositions were transcribed. *See Nelson v. Wal-Mart Louisiana, LLC*, No. 09-0302, 2009 U.S. Dist. LEXIS 109735, *2 (W.D. La. Nov. 9, 2009) (finding that "it was not the deposition testimony itself that triggered the removal time to run but the deposition transcript which can be considered 'other paper' for the purposes of Section 1446(b)") (citing *S.W.S. Erectors v. Infax, Inc.* 72 F.3d 489, 494 (5th Cir. 1996) ("[A] transcript of the deposition testimony is 'other paper'")). Of course, the

Court can only assume that the depositions were transcribed some time after March 29, 2012, providing Wal-Mart with more time to file its notice of removal.

Finally, the Magistrate Judge pointed out that in *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 n.1 (5th Cir. 1992), the Fifth Circuit suggested that a court facing a premature removal attempt "may either make a determination that the amount in controversy is satisfied or otherwise remand the matter to state court." [Doc. No. 13, pg. 8]. The Magistrate Judge found that remand is not warranted here because Jenkins agrees that the amount in controversy exceeds the jurisdictional minimum. [*See* Doc. No. 15-1, pg. 12]. Because the Court's subject matter jurisdiction is not in question, the Magistrate Judge concluded that it "would prove a waste of the parties' time and resources to remand the matter to state court simply so [Wal-Mart] could re-remove the case under the 'unequivocally clear and certain' standard." [Doc. No. 13, pg. 8].

The Court finds that the Magistrate Judge's ruling was neither clearly erroneous nor contrary to law in her findings that Jenkins' February 1, 2012 disclosures were insufficient to establish the jurisdictional amount; that Wal-Mart was unable to conclude under the unequivocally clear and certain standard that Jenkins' damages would exceed $75,000, based upon its March 21, 2012 receipt of the bills from Jenkins' medical providers; and that Jenkins explicitly states that her damages exceed $75,000 in both her Motion to Remand [Doc. No. 7-3, pgs. 2-3] and Appeal [Doc. No. 17, pg. 23]. The Court also agrees with the Magistrate Judge's findings that Wal-Mart's removal was premature and that Jenkins, in her instant pleadings, has created "other paper" making it unequivocally clear and certain that the minimum amount in controversy has now been met. Thus, if Jenkins' case is remanded, Wal-Mart will face no barrier to removing the case back to this Court based on Jenkins' disclosures in these proceedings.

Accordingly, the Court finds that the Magistrate Judge correctly ruled that federal subject matter jurisdiction exists in this case and that the parties have satisfied the amount in controversy

requirement for diversity jurisdiction through their pleadings.

**IV.    CONCLUSION**

For the foregoing reasons, Jenkins' Appeal [Doc. No. 15] is DENIED and the Magistrate Judge's Memorandum Ruling [Doc. No. 13] is AFFIRMED.

MONROE, LOUISIANA, this 17th day of August, 2012.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE